UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEREK TARELL MACKROY,

    Plaintiff,

v.                                                                 Case No: 6:25-cv-795-JSS-NWH

OFFICER T. TROUTMAN, OFFICER
ALBERT CASTRO, and JOHN
DOE(S),

    Defendants.
_____/

## **ORDER**

    Plaintiff moves to disqualify the undersigned "for demonstrated bias, religious discrimination, and breach of fiduciary duty to constitutional obligations." (Dkt. 16 at 1.) This apparently refers to the court's orders striking Plaintiff's motions because they contained a background image of what appears to be a cherub wielding a gun, (Dkts. 7, 12, 14)—which image Plaintiff asserts is in fact his "sacred emblem and private trust seal," (Dkt. 16 at 1). The court struck those motions on the basis of the court's power to enforce readability and typographical requirements, however—not due to any bias or prejudice on the part of the undersigned. (*See* Dkt. 7 at 1–2.) Absent evidence of bias or prejudice, Plaintiff's motion is due to be denied. *See Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988) ("A judge should not recuse [herself] based upon unsupported, irrational, or tenuous allegations."); *Barnes v. Uhler*, No. 6:18-CV-06428 EAW, 2021 WL 780196, at *2 (W.D.N.Y. Mar. 1, 2021) ("Put simply,

there is no evidence justifying recusal nor is there any basis for it. Petitioner's speculative claims of bias lack any factual basis and fail to provide grounds for the undersigned's recusal.").

Plaintiff also moves the court for "recognition of [his] sacred title and sigil." (Dkt. 17.) The relief Plaintiff requests in this motion—recognition of Plaintiff's "protected legal and spiritual designation," $1 million in "constitutional and religious liberty damages," and "40% spiritual restitution pursuant to Leviticus 27:25"—is clearly not warranted by the legal authority Plaintiff relies upon: the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, Federal Rule of Evidence 201 (concerning judicial notice), and 28 U.S.C. § 1746 (regarding unsworn declarations under penalty of perjury). (*Id.* at 1–3.) That motion is therefore due to be denied, as well.

The court also notes that, despite repeated admonitions, Plaintiff continues to file motions on paper including the background image of a cartoon cherub wielding a gun. (*See* Dkts. 16, 17.) While the court considered Plaintiff's instant motions on the merits, they could have been stricken as well. *See Fisher v. Whitlock*, 784 F. App'x 711, 714 (11th Cir. 2019) (noting that included within the court's "inherent power to manage its docket" is the authority to strike a party's motion); *Silva v. Swift*, 333 F.R.D. 245, 248 n.2 (N.D. Fla. 2019) ("Of course, a court may strike pleadings and even motions pursuant to a federal court's inherent power and other Rules of Civil Procedure."). The court reiterates that all future filings must be filed on plain, unobstructed paper. (*See* Dkt. 7 at 1–2 (the court's prior order containing the same

instruction).)[1] Failure to comply with the court's orders may result in sanctions, up to and including dismissal of this case. *See McDonald v. Emory Healthcare Eye Ctr.*, 391 F. App'x 851, 854 (11th Cir. 2010) ("Generally, we have held that a district court does not abuse its discretion in dismissing a civil complaint under Rule 41(b) where the record indicates deliberate and repeated conduct of noncompliance.").

Accordingly, Plaintiff's motions (Dkts. 16, 17) are **DENIED**.

**ORDERED** in Orlando, Florida, on July 8, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party

---

[1] Plaintiff's sigil includes the words "truth" and "loyalty," which the court presumes are virtues Plaintiff is attempting to convey by using the sigil in his filings. (*See, e.g.*, Dkt. 5 at 1.) Plaintiff may include the text component of his sigil—"truth" and/or "loyalty"—as part of his signature block, if he so chooses. *See* Fed. R. Civ. P. 11(a) (requiring "[e]very pleading, written motion, and other paper" to be "signed . . . by a party personally if the party is unrepresented").